In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-17-00434-CR**
**NO. 09-17-00435-CR**
**NO. 09-17-00436-CR**

_____

**VERNON LEE LANDRY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court**
**Jefferson County, Texas**
**Trial Cause Nos. 11-11681, 11-11715, 11-11720**

**MEMORANDUM OPINION**

Pursuant to plea bargain agreements, Vernon Lee Landry pleaded guilty to

burglary of a habitation, aggravated assault, and violation of a protective order. In

cause numbers 11-11681 and 11-11720, the trial court found the evidence sufficient

to find Landry guilty of burglary of a habitation and violation of a protective order

and assessed punishment at ten years of confinement and a $1000 fine, but then

suspended imposition of the sentences, and placed Landry on community

1

supervision for ten years in each case. In cause number 11-11715, the trial court found the evidence sufficient to find Landry guilty of aggravated assault, but deferred further proceedings and placed Landry on community supervision for ten years, assessed a $1000 fine, and ordered restitution in the amount of $2686.73.

The State subsequently filed motions to revoke Landry's community supervision. In all three cases, Landry pleaded "true" to violating one of the conditions of his community supervision. After conducting a hearing, the trial court found the evidence was sufficient in all three cases to find that Landry had violated five conditions of his community supervision. In cause numbers 11-11681 and 11-11720, the trial court revoked Landry's community supervision, and orally pronounced a sentence of ten years of confinement in the burglary of a habitation case and the case involving the violation of a protective order. In cause number 11-11715, the trial court revoked Landry's community supervision, found Landry guilty of aggravated assault, orally pronounced a sentence of twenty years of confinement, and entered a deadly weapon finding.

Landry's appellate counsel filed *Anders* briefs that present counsel's professional evaluation of the records and conclude that the appeals are frivolous. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*; 573 S.W.2d 807 (Tex. Crim. App. 1978). On April 30, 2018, we granted an extension of time for Landry

2

to file *pro se* briefs. Landry filed a *pro se* response in each case. The Court of Criminal Appeals has held that we need not address the merits of issues raised in an *Anders* brief or a *pro se* response. *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). Rather, an appellate court may determine: (1) "that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error[;]" or (2) "that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Id.*

We have reviewed the appellate records, and we agree with counsel's conclusion that no arguable issues support the appeals. Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeals. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgments.[1]

AFFIRMED.

                             _____
                                 STEVE McKEITHEN
                                 Chief Justice

---

[1]Landry may challenge our decision in these cases by filing a petition for discretionary review. *See* Tex. R. App. P. 68.

Submitted on July 31, 2018
Opinion Delivered August 29, 2018
Do Not Publish

Before McKeithen, C.J., Kreger and Johnson, JJ.